[No. 20538-6-II.   Division Two.   September 5, 1997.]

NORTH/SOUTH AIRPARK ASSOCIATION, *Respondent*, v.
DALE HAAGEN, ET AL., *Appellants*.

766

*Arthur D. Curtis, Prosecuting Attorney,* and *Christopher Horne* and *Scott S. Anders, Deputies*; and *Stephen W. Horenstein, LeAnne M. Bremer,* and *Horenstein & Duggan, P.S.,* for appellants.

*James I. Holland, Jessica W. Dimitrov,* and *Holland & Dimitrov,* for respondent.

JOHNSON, J.* — Haagen appeals a trial court order holding (1) the Clark County Board of Commissioners (Board) improperly considered new evidence submitted on appeal; (2) the Board improperly remanded the case to a hearing examiner based upon this new evidence; and (3) substantial evidence supported the hearing examiner's first decision finding nonconforming use permitting the North/South Airpark Association (NSAA) to use the strip of land as a runway. We affirm.

## STATEMENT OF PROCEDURE

On November 10, 1993, NSAA submitted an application for a planning director determination requesting a finding of nonconforming rights to use a strip of land as a runway. On December 14, 1993, the planning director denied the application.

In April 1994, a public hearing was held regarding NSAA's appeal of the Clark County planning director's denial of its nonconforming rights to use the property as a runway. Haagen, an adjacent property owner, submitted letters and exhibits in opposition to the NSAA appeal; Haagen did not personally attend the public hearing. The NSAA presented written and oral testimony in support of the recognition of nonconforming rights.

The hearing examiner concluded that the property had been used as a runway since before 1973, and reversed the planning director's denial of the nonconforming use. Haagen timely appealed the hearing examiner's decision to the Clark County Board of Commissioners. Haagen submitted new evidence to the Board and asked the Board to hold a hearing on this evidence, which had not been submitted to the hearing examiner. The Board remanded the matter to the hearing examiner for a new hearing to consider this evidence.

On remand, the hearing examiner accepted the new ev-

---

*Justice Charles W. Johnson is serving as a judge pro tempore of the Court of Appeals, Division II, pursuant to CAR 21(c).

idence, reversed its earlier decision, and denied the nonconforming use. NSAA appealed the hearing examiner's second decision. The Board affirmed the second decision.

NSAA applied for writ of certiorari[1] to the superior court, asserting the Board committed error in (1) remanding the matter to the hearing examiner based on the improper submission of new evidence by Haagen, and (2) failing to conduct the appropriate review of the evidence to determine if the hearing examiner's first decision was supported by substantial evidence.

The superior court held the Board improperly considered Haagen's new evidence when the Board ordered the remand, held the hearing examiner's first decision was supported by substantial evidence, and reinstated the first decision. Haagen appealed to this court.

## FACTS

The Respondent, North/South Airpark Association, sought a "grandfathered rights" determination sufficient to allow them to operate a small turf landing strip on a 2,200-foot-long by 130-foot-wide strip of land. This property is an extension of the Evergreen Airport's north/ south runway, which has been in existence and in use since 1945. The property is surrounded by single family residences.

NSAA owns a 130-foot strip of land that was formerly part of the Evergreen Airport. NSAA asserts its members have been using this strip as a runway for takeoff and landing of small, private airplanes since the late 1960s. When the subdivisions surrounding the 130-foot strip were recorded in 1969 and 1977, this strip was identified on the plat as a taxiway for residents of the subdivisions to use to

---

[1]The record reflects NSAA had filed for a writ of certiorari from the Board's decision to remand. The trial court evidently deferred any decision on the writ pending the hearing examiner's reconsideration. The parties have not presented any argument concerning the initial application and no issue has been presented or argued concerning this initial writ.

transport their planes from their lots to the Evergreen Airport. The private covenants recorded with the subdivisions grant the property owners in the subdivisions the right to use the taxiway and landing facilities at Evergreen Airport. No controversy exists as to the ability of NSAA to use the strip as a taxiway.

The zoning of this property has undergone substantial transformations. In 1945, airports and landing strips were permitted outright in property zoned F-X (rural use). In 1973, the uses permitted in F-X zoning were modified. Airports were permitted if approved by the Clark County Planning Commission and the Board of Commissioners. This strip could have been developed as a runway; no such request or approval is on record with the County. In 1980, the taxiway was rezoned single family residential (R1-7.5). This zone does not allow runways or airports.

NSAA members have argued throughout these proceedings they are continuing an already established runway use, which use was established before 1973. Testimony and letters from several NSAA members and other pilots suggest this property has been used as a runway prior to 1973.

## ANALYSIS

■ The court's standard of review is governed by RCW 7.16.120. This statute distinguishes between issues of law and issues of fact. Issues of law are reviewed de novo to determine if the decisions made were contrary to law. *State v. Pierce County*, 65 Wn. App. 614, 617-18, 829 P.2d 217 (1992). Issues of fact must be supported by substantial evidence. *Pierce County*, 65 Wn. App. at 619.

NSAA argues the Clark County Board of County Commissioners cannot remand the hearing examiner's decision back to the hearing examiner based on new evidence presented to the Board. NSAA correctly notes the evidence could have been presented to the hearing examiner at the time of the original decision; it was not. Haagen contends the Board can remand a decision back to a hear-

ing examiner if the decision is not supported by substantial evidence. Haagen looks to the Clark County Code to support his position.

The Clark County Code chapter 2.51 provides the guidelines for the hearing examiner system. Section 2.51.160 governs hearing examiner decisions that have been timely appealed to the Board.

> The board shall consider the matter based upon the written record before the examiner, the examiner's decision and any written record before the examiner, the examiner's decision and any written comments thereon received in the office of the board by the close of the next to last business day preceding the board's meeting; PROVIDED, that such written comments should be limited to arguments asserting error in or support of the examiner decision based upon the evidence presented to the examiner except to the extent that offers of new evidence may be considered pursuant to Section 18.600.100.

After the Board considers the issue, the Board, according to Clark County Code 2.51.170, has a variety of options.

> The board by resolution may accept, modify or reject the examiner's decision, or any finding or conclusions therein, or may remand the decision to the examiner for further hearing. A decision by the board to modify, reject or remand shall be supported by findings and conclusions.

■ ■ Neither party disputes the Board's ability to remand the hearing examiner's decision. NSAA argues that permitting the Board to consider new evidence violates Washington law because it gives the Board the option of exercising its own fact-finding authority. NSAA supports its argument by citing *State v. Pierce County*, 65 Wn. App. 614, 829 P.2d 217 (1992). In *Pierce County,* this court held a county must elect between original jurisdiction, which allows it to substitute its judgment for the hearing examiner's on all factual and legal issues, and appellate jurisdiction, which requires that it base its decision on the record made before the examiner and review

the examiner's findings of fact only to see if they are supported by substantial evidence. *Pierce County,* 65 Wn. App. at 619. A combination of these choices is not permitted. *Pierce County*, 65 Wn. App. at 619.

Here, under the Code the Board had appellate jurisdiction. As such NSAA correctly asserts the Board must review the evidence before the hearing examiner to determine whether its decision was supported by substantial evidence. However, section 18.600.100(b)(3) of the Clark County Code states, if "the petitioner wants to introduce new evidence in support of the appeal, the written appeal also must explain why such evidence should be considered . . . ." *Pierce County* mandates the Board to consider only evidence presented before the hearing examiner. The Board cannot consider new evidence in deciding to remand the case. The remand was in error if based upon the new evidence.

In this case, the trial court found, and we agree, the Board improperly considered the new evidence presented in deciding to remand. While the Board correctly determined it could not examine the new evidence and make a decision based upon that evidence, the existence of the evidence before the Board clearly influenced its decision to remand. Mr. Sturdevant of the Board stated,

> There's a lot of information here that I just don't agree the hearing examiner adequately or completely considered. And I think in all fairness to everybody, there should be a full and complete record before we end up probably making a decision on this.

Tr. of County Comm'rs Proceedings at 5 (June 28, 1994). The Board has the power to remand if the hearing examiner's decision was not based upon substantial evidence. The decision to remand can be based only upon the record before the hearing examiner, and cannot be based upon any new evidence. We find the decision to remand was improperly based upon the existence of the new evidence and not based upon the lack of substantial evidence supporting the hearing examiner's decision.

The parties dispute whether the hearing examiner's first decision finding a nonconforming use was supported by substantial evidence. The superior court held the hearing examiner's first decision was based upon substantial evidence.

■■ At the hearing examiner level, the burden of proving the existence of the prior nonconforming use is on the party making the assertion. *Van Sant v. City of Everett*, 69 Wn. App. 641, 647-48, 849 P.2d 1276 (1993). To establish a prior nonconforming use: (1) the use of the property must actually be established before adoption of the zoning ordinance; (2) the use must have been a lawful use prior to the zoning ordinance; (3) the use must not have been abandoned after the zoning code took effect; and (4) the use must have been more than intermittent or occasional. *Pierce County*, 65 Wn. App. at 623-24; *see Meridian Minerals Co. v. King County*, 61 Wn. App. 195, 206-09, 810 P.2d 31 (1991). On appeal we must decide if these findings are supported by substantial evidence.

■ Substantial evidence exists when there is a sufficient quantity of evidence in the record to persuade a fair-minded, rational person of the truth of the finding. *Hilltop Terrace Homeowner's Ass'n v. Island County*, 126 Wn.2d 22, 34, 891 P.2d 29 (1995) (substantial evidence of compatibility with the surrounding environment found when tower site moved behind natural screening, when single pole used instead of lattice tower, and when only the top of tower would be seen from offsite); *Freeburg v. City of Seattle*, 71 Wn. App 367, 859 P.2d 610 (1993) (substantial evidence for variance approval found when, after testimony heard, the hearing examiner found *all* the conditions required to grant a variance were present); *Lejeune v. Clallam County*, 64 Wn. App. 257, 823 P.2d 1144 (1992) (substantial evidence supported finding that plat application filed December 27, 1984 despite a date on the filing application when receipt County gave applicant was dated December 27, 1984 and when the number on the receipt fell directly between two receipts for other plat applications known to be issued on December 27, 1984).

The parties agree the use as a runway was lawful before 1973. The remaining elements are contested and must be supported by substantial evidence. Applying to this case the factors necessary to establish a prior nonconforming use, the hearing examiner relied upon letters written by various people suggesting this strip of land has continuously been used as a runway as early as 1965. Testimony before the hearing examiner established the strip has been used for takeoff and landing since the early 1970s. Testimony also convinced the hearing examiner that the use of the strip as a runway has been continuous since it was initially established.

The superior court judge agreed with the hearing examiner's initial decision and found the strip had been recognized by all authorities as an area in which airplanes would move to and from the Evergreen Airport. The superior court found an established runway, based on pilots' statements that movement from the residences to the north/south runway initiated a flight pattern. The superior court held the site a private, residential, noncommercial runway available only to those within the plat. The superior court found substantial evidence before the hearing examiner to justify the determination that a nonconforming use had been established. We agree.

The hearing examiner's initial decision to find a nonconforming use is supported by substantial evidence. The Board's decision to remand was improperly based upon the existence of new evidence and not on the record established before the hearing examiner.

Affirmed

BRIDGEWATER, A.C.J., and SEINFELD, J., concur.

Reconsideration denied October 28, 1997.

Review denied at 134 Wn.2d 1027 (1998).