[No. 22072-5-II.   Division Two.   October 23, 1998.]

EAST FORK HILLS RURAL ASSOCIATION, ET AL., *Appellants*,
v. CLARK COUNTY, ET AL., *Respondents*.

---

[8]*See State v. McClam*, 69 Wn. App. 885, 889-90, 850 P.2d 1377, *review denied*, 122 Wn.2d 1021 (1993).

*Joseph M. Cunnane*, for appellants.

*John R. Stichman* and *Susan D. Pitchford* of *Stichman, Hoke & Fels, P.C.*; and *Arthur D. Curtis, Prosecuting Attorney for Clark County*, and *Richard S. Lowry, Deputy*, for respondents.

BRIDGEWATER, J. — East Fork Hills Rural Association (EF-HRA) appeals from a superior court ruling concerning a subdivision application in Clark County. The application was originally denied by a hearing examiner. On appeal to

the County Board of Commissioners (the Board), the applicant submitted new evidence regarding the availability of public water, which the Board directed the hearing officer to consider on remand. EFHRA appealed to the superior court, arguing the Board erred in considering the new evidence, and the original denial should be reinstated. The superior court agreed that the Board erred, but found the error harmless and affirmed the Board. We hold that, on the record before us, the evidence of public water availability was not newly discovered evidence, but was merely "additional evidence." As such, the Board erred in considering the additional evidence and in remanding the matter to the hearing examiner. We reverse the Board's and the superior court's rulings and reinstate the hearing examiner's decision of February 18, 1994.

## FACTS

Respondent, property owner Marsha Blasen, filed an application in Clark County to subdivide her 67.86 acre property into 13 single-family lots. Clark County Hearing Examiner Campbell Kintz took evidence and testimony regarding the proposal. One primary issue was whether there was an adequate water supply to serve the subdivision. Blasen's application planned for private, individual wells on each lot. But both the Health District and Blasen's neighbors were concerned that 12-13 additional private wells would burden the water supply to the neighboring properties. Blasen's neighbors testified that their well production had steadily decreased over the past few years and an additional 13 families would significantly diminish water availability. The Health District report indicated that a community well serving the entire subdivision might have less of an impact on the water supply.

Another alternative, publicly supplied water from the county, was not suggested or discussed by Blasen. A staff report from the Department of Community Development dated December 27, 1993, indicated that a call had confirmed that "public water is not available to the site."

The hearing examiner denied the application on February 18, 1994, primarily because Blasen "failed to demonstrate that it will provide for adequate and appropriate domestic water." The examiner found that even a community well would not be adequate. Blasen appealed to the Board. In the letter appealing the decision Blasen noted, "Rather than approve the request with a condition that applicant utilize the only alternative for providing water that could possibly meet the high standard he set, that being public water, [the examiner] simply denied the request."

The Board addressed the proposal at a public meeting on March 22, 1994. Blasen submitted a letter dated February 28, 1994, from Clark Public Utilities stating that it had water available and could extend pipes approximately 6,600 feet to serve the subdivision. The Board considered the letter and the evidence before the examiner and decided to remand the application to consider a public water supply.

On remand, the hearing examiner approved the proposal subject to certain conditions, including the use of public water. The County considered the examiner's decision and approved the application. EFHRA, composed of neighbors and community members opposed to the development, brought suit in Clark County Superior Court challenging the Board's decision. EFHRA argued that (1) the Board erred by remanding based on the new evidence and (2) in failing to enter findings of fact and conclusions of law. The court found that, although the Board erred by considering the new evidence, any error was harmless and did not warrant reversal. EFHRA now appeals to this court.

## ANALYSIS

■■ The appellate court reviews the agency's action de novo, *King County v. Boundary Review Bd.*, 122 Wn.2d 648, 672, 860 P.2d 1024 (1993); *see also St. Martin's College v. Department of Revenue*, 68 Wn. App. 12, 15-16, 841 P.2d 803 (1992), and we confine our review to the administrative record. *See* RCW 36.70C.120(1).

1. New Evidence

■ Former RCW 36.70.970 (1994) set the parameters of the hearing examiner system. It required, in part, that:

Each county legislative authority electing to use a hearing examiner pursuant to this section shall by ordinance specify the legal effect of the decisions made by the examiner. Except as provided in subsection (2) of this section, such legal effect may vary for the different classes of applications decided by the examiner but shall include one of the following:

(a) The decision may be given the effect of a recommendation to the legislative authority;

(b) *The decision may be given the effect of an administrative decision appealable within a specified time limit to the legislative authority.*

Former RCW 36.70.970 (emphasis added). The statute does not authorize a combination of these choices; the Board must choose between original or appellate jurisdiction. *Maranatha Mining, Inc. v. Pierce County*, 59 Wn. App. 795, 800, 801 n.6, 801 P.2d 985 (1990).

Under the Clark County Code, the Board has appellate jurisdiction. *See North/South Airpark Ass'n v. Haagen*, 87 Wn. App. 765, 771, 942 P.2d 1068 (1997), *review denied*, 134 Wn.2d 1027 (1998). As such, the Board must base its review "solely on the original record" and "must sustain the examiner's findings of fact if they are supported by substantial evidence." *Maranatha*, 59 Wn. App. at 801 (citing *Messer v. Snohomish County Bd. of Adjustment*, 19 Wn. App. 780, 787, 578 P.2d 50 (1978)).

■ In *North/South Airpark*, a recent case from this Division, the Board considered new evidence in its decision to remand a denied application to the hearing examiner. In reversing the Board, this court stated:

The Board has the power to remand if the hearing examiner's decision was not based upon substantial evidence. The decision to remand can only be based upon the record before the hearing examiner, and cannot be based upon any new evidence. We find the decision to remand was improperly based upon the existence of the new evidence and not based upon

the lack of substantial evidence supporting the hearing examiner's decision.

*North/South Airpark*, 87 Wn. App. at 771. By using the term "new evidence" in *North/South Airpark*, we meant "additional evidence" not previously in the record, not "newly discovered evidence." We did not consider the instance where the information was truly "newly discovered evidence," as defined in CR 59(a)(4); that is "evidence which by due diligence could not have been discovered in time to move for a new trial . . . ."[1] In other words, we determined that the applicant may not add information piecemeal to the application as it sees fit. But where the evidence is truly "newly discovered evidence," the Board may properly remand for supplementation of the record.

Blasen agrees that in *North/South Airpark* we were referring to evidence that was readily available to the party. But she contends that her evidence was new, relevant, dispositive, and not previously available. Accordingly, we now examine whether Blasen established that the letter was "newly discovered evidence" and find it is not. First, we note that in her appeal to the Board, Blasen argues that the hearing examiner could have approved her application with a condition that the subdivision use the "alternative" of public water, thus indicating Blasen viewed public water as a possibility before her appeal. Second, the Community Development report stated that a call confirmed that water was not currently available to the site, but there is no indication that the call also confirmed that water could not be made available through extension of the pipeline or other means. Finally, we note the short duration of time in which the availability of public water was acknowledged in writing, that is, December 27, 1993 to February 28, 1994, suggesting the option could have been investigated in a short period of time before the application was submitted. While acknowledging that there should be some relief avail-

---

[1] CR 59(a)(4) reads: "Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial."

able to parties that indeed experience a discovery of new evidence that fits within the definition of "newly discovered," this record does not show due diligence.

Thus, even though the Board has some type of CR 59(a)(4) powers, Blasen has not met her burden of showing that the evidence is "newly discovered" evidence. It is merely "additional" evidence (upon which the Board may not remand).[2]

■ But Blasen argues two alternative grounds for why the additional evidence was properly considered here. First, she contends that the Clark County Code allows it. We reject this argument because a "county legislative authority may not define its power in such a way as to incorporate aspects of both alternatives." *State ex rel. Lige & Wm. B. Dickson Co. v. Pierce County*, 65 Wn. App. 614, 619, 829 P.2d 217, *review denied*, 120 Wn.2d 1008 (1992); *see also Maranatha*, 59 Wn. App. at 802 (Clark County Code "provisions permitting the Council to take additional evidence . . . suggest an impermissible attempt to incorporate aspects of both the alternatives . . . .").

Second, Blasen argues that, because the Court of Appeals and Supreme Court may accept additional evidence pursuant to RAP 9.11, the Board has this same authority. RAP 9.11 allows supplementation of the trial court record, but only in extraordinary cases. RAP 9.11(a); *Federation of State Employees, Council 28 v. State*, 99 Wn.2d 878, 665 P.2d 1337 (1983). This argument makes some sense: If the Board is acting as an appellate body, it should have the same authorities and constraints as the appellate courts. But as we stated in *North/South Airpark*, and clarified above, the Board cannot consider additional evidence, as opposed to newly discovered evidence, in deciding to remand the case. *See North/South Airpark*, 87 Wn. App. at 771.

■ Accordingly, we reject Blasen's RAP 9.11 argument. Moreover, even if RAP 9.11 standards were to apply, they

---

[2]We note that current statutory provisions do not permit appeals based upon new evidence. *See* RCW 36.70B.120.

would not be met in this case. RAP 9.11 permits the taking of additional evidence only if all six of the following conditions are met:

> (1) additional proof of facts is needed to fairly resolve the issues on review, (2) the additional evidence would probably change the decision being reviewed, (3) it is equitable to excuse a party's failure to present the evidence to the trial court, (4) the remedy available to a party through postjudgment motions in the trial court is inadequate or unnecessarily expensive, (5) the appellate court remedy of granting a new trial is inadequate or unnecessarily expensive, and (6) it would be inequitable to decide the case solely on the evidence already taken in the trial court.

RAP 9.11(a); *Federation of State Employees*, 99 Wn.2d at 884.

Here, Blasen did not attempt to develop a record before the Board addressing these six elements. Nor does Blasen point to evidence in the record showing that the Board considered any of the six elements, or that those elements would have been met if considered. Blasen merely states in her brief that the evidence was newly discovered, and it would be expensive to re-file the application. Blasen had nine months from March to re-file the application, including the ability to connect with public water, before the December 1994 ordinance raising the minimum lot size of properties, with the only adverse impact on her being the expense. Accordingly, Blasen has not shown that the six RAP 9.11 elements can be met.

2. Hearing Examiner's Decision

█ EFHRA contends the hearing examiner's decision is supported by substantial evidence. Blasen contends it was arbitrary and capricious. But we find that the examiner's decision is supported by substantial evidence. Neighbors of the project testified that there was a substantial drop-off in production of the neighborhood wells; there was testimony concerning the real water availability; and the Southwest Washington Health District expressed its concerns regard-

ing allowing individual wells for the site. We hold that there was substantial evidence supporting the examiner's decision.[3]

Because of our decision, we need not address EFHRA's contention regarding the Board's failure to enter findings and conclusions.

The decisions of the superior court and the Board are reversed. The hearing examiner's decision of February 18, 1994, denying the application is reinstated.

HOUGHTON, C.J., and MORGAN, J., concur.

---

[3]That the hearing examiner's decision was supported by substantial evidence also supports our determination that the error was not harmless. We therefore reject the superior court's finding that the error was harmless. An agency "may relax or modify its procedural rules when justice so requires," but such action may nevertheless be reversible "upon a showing of substantial prejudice to the complaining party." *Mentor v. Kitsap County*, 22 Wn. App. 285, 288, 588 P.2d 1226 (1978). "Prejudice" occurs where, had the challenged evidence been excluded, the outcome of the proceeding might reasonably have been materially affected. *See State v. Smith*, 106 Wn.2d 772, 780, 725 P.2d 951 (1986). Here, it is clear from the record that, had public water not been an option, the Board would have affirmed the examiner's denial of the application. Accordingly, had the letter not been considered, the outcome would have been different.