**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| JAGROOP SINGH,<br><br>                              Respondent,<br><br>          v.<br><br>TERI K. SAHM, ALL OTHER OCCUPANTS OF REAL PROPERTY LOCATED AT 35022 SE FALL CITY-SNOQUALMIE ROAD, FALL CITY, WASHINGTON 98024,<br><br>                              Appellant. | No.  83847-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Teri Sahm, proceeding pro se, appeals a writ of restitution entered against her in an unlawful detainer action that commenced following a trustee's nonjudicial foreclosure sale.  Finding no error, we affirm.

I.

In 2004, Sahm borrowed money to purchase a residential property located on SE Fall City-Snoqualmie Road in Fall City.  Sahm executed a promissory note in the sum of $432,000 for the amount of the loan, secured by a deed of trust on the property.  Sahm defaulted on her loan obligation, and the holder directed the mortgage trustee to foreclose.

On July 8, 2021, the trustee recorded a notice of trustee's sale. On January 7, 2022, Jagroop Singh was the successful purchaser of the property at the nonjudicial foreclosure sale.

Sahm did not vacate the premises following statutory time and notice. On February 12, 2022, Sahm was personally served with a summons and complaint alleging postforeclosure unlawful detainer. The summons and complaint were filed with the court on February 23, 2022.

A show cause hearing on the unlawful detainer action took place on March 14, 2022. Singh's real estate agent, Karim Ali, testified that he posted notice of the sale at the property and mailed the notice. After Sahm declined to cross-examine Ali, the court advised that she was free to call witnesses or testify in her own behalf. Sahm then read verbatim a written document she filed before the hearing. After a few minutes, the court admitted the document as Sahm's testimony. In response to questioning from the court, Sahm admitted that she took no statutory actions to enjoin the sale prior to its occurrence. Sahm then argued that she took various actions that absolved her from the mortgage and removed her from the court's jurisdiction. After allowing Sahm to testify for "about 25 minutes," the court found that the elements of unlawful detainer had been met and entered an order directing issuance of the writ of restitution.

Sahm appeals.

## II.

Preliminarily, we note that Sahm represents herself on appeal. We hold self-represented litigants to the same standards as licensed attorneys and expect them to

follow the rules of appellate procedure.[1]  In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).  We need not consider arguments that are not supported by references to the record, meaningful analysis, or citation to pertinent authority.  Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).

An unlawful detainer action is "a summary proceeding" to obtain "possession of real property."  Fed. Nat'l Mortg. Ass'n v. Ndiaye, 188 Wn. App. 376, 382, 353 P.3d 644 (2015).  Unlawful detainer is available to one who holds title as a purchaser at a deed of trust foreclosure sale.  Puget Sound Inv. Grp., Inc. v. Bridges, 92 Wn. App. 523, 526, 963 P.2d 944 (1998).  Because it is a summary proceeding, the action is limited to the question of possession.  Munden v. Hazelrigg, 105 Wn.2d 39, 45, 711 P.2d 295 (1985).  In reviewing an unlawful detainer action, we review findings of fact for substantial evidence and conclusions of law de novo.  Pham v. Corbett, 187 Wn. App. 816, 825, 351 P.3d 214 (2015).  Unchallenged findings of fact are verities on appeal.  Pham, 187 Wn. App. at 825.

Washington's Deed of Trust Act (DTA), chapter 61.24 RCW, provides detailed procedures for foreclosing a deed of trust and conducting a trustee's sale.  The purchaser at a nonjudicial foreclosure sale may begin an unlawful detainer action under chapter 59.12 RCW to evict if possession is not transferred within 20 days following the sale.  RCW 61.24.060(1).  The purchaser must "comply with the notice and substantive

---

[1] Sahm filed a reply brief that does not comply with the Rules of Appellate Procedure and includes an appendix of over 1,000 pages that also does not comply with the rules and appears to include materials that are not included in the record on review.  A commissioner of this court ruled that "the first 23 pages of the filing will be accepted as a reply, with the understanding that the panel assigned to determine this case on the merits has discretion to determine whether and to what extent it will consider the reply."  The commissioner also ruled that the appendix would be placed in the file without action.  Although we have exercised our discretion to consider Sahm's 23-page reply brief, it does not change our analysis.

requirements of RCW 61.24.040 and .060." River Stone Holdings NW, LLC v. Lopez, 199 Wn. App. 87, 93, 395 P.3d 1071 (2017).

The record and unchallenged findings support the decision to enter a writ of restitution. Singh purchased the property at the January 7, 2022 trustee's nonjudicial sale. The trustee's deed, recorded in King County on January 20, 2022, conveyed title of the property to Singh. See RCW 61.24.040(11) (recitals in the trustee's deed stating that the sale was conducted in compliance with the DTA "shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchasers."). It is also undisputed that over 20 days passed before Singh began the unlawful detainer action, that Sahm was properly served, and that Singh provided the postforeclosure notice required by RCW 61.24.060. And Sahm acknowledged that she never sought an injunction to enjoin the trustee's sale.

Sahm asserts that the foreclosure sale was illegal and that the mortgage was paid in full. She also asserts several counterclaims. But Sahm does not challenge Singh's compliance with the unlawful detainer procedures. Rather, she appears to contend that the laws do not apply to her because she has not been a citizen of the United States since 2017. Sahm's theories are like those commonly associated with the sovereign citizen movement. See Caesar Kalinowski IV, A Legal Response to the Sovereign Citizen Movement, 80 MONT. L. REV. 153, 158-64 (2019). Courts have repeatedly rejected claims based on such theories as frivolous. See, e.g., United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (stating that "[t]hese theories should be rejected summarily, however they are presented."). Sahm's theory that she is entitled to

relief based on her claimed citizenship status lacks merit.[2] And in any case, "unlawful detainer actions are not the proper forum to litigate questions of title." Ndiaye, 188 Wn. App. at 382. Nor may counterclaims be asserted in an unlawful detainer action. Ndiaye, 188 Wn. App. at 382

Sahm also contends that the trial court violated her due process rights at the show cause hearing by "knowingly and willfully truncat[ing] the presentation of evidence" because it was "taking too much time." We disagree. Chapter 59.12 RCW "does not explicitly require show cause hearings." IBF, LLC v. Heuft, 141 Wn. App. 624, 634, 174 P.3d 95 (2007). Summary proceedings in a show cause hearing do not violate due process. Carlstrom v. Hanline, 98 Wn. App. 780, 789-90, 990 P.2d 986 (2000). The trial court afforded Sahm the opportunity to present evidence, testify on her own behalf, and cross-examine witnesses. She received the procedural due process rights to which she was entitled in this setting.

III.

Singh requests an award of attorney fees as a sanction for Sahm's frivolous appeal. RAP 18.9(a) authorizes the appellate court, on its own initiative or on motion of a party, to order a party or counsel who files a frivolous appeal to pay sanctions, including an award of attorney fees and costs to the opposing party. "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of

---

[2] Sahm also seeks to supplement the record on appeal pursuant to RAP 9.11(a). Extrinsic materials may be considered under extraordinary circumstances where additional proof "'is needed to fairly resolve the issues on review.'" E. Fork Hills Rural Ass'n v. Clark County, 92 Wn. App. 838, 845, 965 P.2d 650 (1998) (quoting RAP 9.11(a)). Additional facts are unnecessary to resolve this appeal. The RAP 9.11 motion is denied.

merit that there is no possibility of reversal." Lutz Tile, Inc. v. Krech, 136 Wn. App. 899, 906, 151 P.3d 219 (2007).  We resolve all doubts to whether an appeal is frivolous in favor of the appellant.  Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009).

We are convinced the appeal presents no debatable issues on which reasonable minds might differ and is devoid of merit.  We award reasonable appellate attorney fees to Singh under RAP 18.9 upon compliance with RAP 18.1.

Affirmed.

_____Mann, J._____

WE CONCUR:

_____Brennan, J_____          _____Smith, a.C.J._____

6