IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE ESTATE OF RUTH HOTH C/O PERSONAL REPRESENTATIVE, DONALD HOTH,<br><br>                 Appellant,<br><br>   v.<br><br>EDWARD HOTH,<br><br>                Respondent. | No. 85516-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Pro se appellant Donald Hoth challenges two interlocutory orders entered prior to the summary judgment dismissal of his fourth Trust and Estate Dispute Resolution Act (TEDRA) action against his brother Edward Hoth.[1] Donald[2] argues that the trial court erred in denying his petition for mediation and denying his motion to disqualify counsel. We affirm and award attorney fees and costs to Edward on appeal.

FACTS

This is the second appeal arising from ongoing litigation between Donald and Edward concerning the Living Trust of Carl L. and Ruth L. Hoth (Trust) and related

---

[1] Pursuant to RAP 9.11(a), Edward seeks to supplement the record on appeal with additional evidence regarding Donald's previous TEDRA actions against Edward. Extrinsic materials may be considered under extraordinary circumstances where additional proof " 'is needed to fairly resolve the issues on review.' " E. Fork Hills Rural Ass'n v. Clark County, 92 Wn. App. 838, 846, 965 P.2d 650 (1998) (quoting RAP 9.11(a)). Additional facts are unnecessary to resolve this appeal. The RAP 9.11 motion is denied.

[2] Because family members share the same last name, we use their first names for clarity.

matters. The background facts are set forth in detail in the first appeal, Hoth v. Hoth, No. 80284-4-I, slip op. at 1-3 (Wash. Ct. App. Nov. 9, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/802844.pdf, and will be repeated here only as necessary.

Donald and Edward are beneficiaries of the Trust along with two other siblings. Their parents, Carl and Ruth, created the Trust and acted as its trustees. The Trust provided that its property would be distributed to the children in equal shares. Upon Carl's death, Ruth became the sole trustee. In July 2013, Ruth amended the Trust naming Edward as successor trustee, executed a will in which she gave the remainder of her estate to the Trustee to be administered as part of the Trust, and granted Edward power of attorney (POA) over Ruth's affairs. While acting under the POA, Edward sold some of Ruth's assets. After Ruth died in June 2016, Edward became the trustee of the Trust as well as two other family trusts. Hoth, slip op. at 1-2. Edward filed Ruth's will but, on advice of counsel, elected not to file a probate action.

In November 2017, Edward tried to dispense final distributions of the Trust in the amount of $33,880 per beneficiary in exchange for signed receipt and release forms. All siblings except Donald signed the form and received their final distribution, so the only funds remaining in the Trust were Donald's share. On advice of counsel, Edward distributed half of Donald's share to him, and retained the other half pending Donald's signature on the receipt and release form. Id. at 2.

In 2019, Donald filed a TEDRA petition regarding Edward's actions during his administration of the Trust and while acting as POA for Ruth during her lifetime. Donald argued that Edward breached his fiduciary duty because he refused to provide financial

documents about the Trust. Donald also sought review of Edward's actions as trustee of the two terminated trusts and when he had POA for Ruth. He also petitioned for mediation under TEDRA. Id. at 2-3.

At the hearing, Donald did not identify what information about the Trust he was missing, but instead focused on issues relating to Edward's actions under the POA. The trial court approved Edward's accounting, denied Donald's petition for mediation, and ordered that Edward's attorney fees be paid from Trust assets. This court affirmed and granted Edward's request for an award of attorney's fees and costs on appeal. Id. at 1, 3. Edward applied Donald's undistributed amounts in the Trust to the amount Donald owed to the Trust pursuant to the attorney fee award.

Donald subsequently filed another TEDRA petition against Edward regarding Ruth's estate. After the petition was dismissed for lack of standing, Donald petitioned to admit Ruth's will to probate and to serve as personal representative of Ruth's estate. Donald's siblings did not oppose the petition, and in December 2022, the superior court appointed Donald as personal representative of Ruth's estate without nonintervention powers.

On December 30, 2022, acting in his capacity as personal representative, Donald filed a "TEDRA Complaint/Petition to Order Mediation re Information Requests from Edward Hoth's Power of Attorney Phase." Donald "ask[ed] the Court to compel Edward into mediation to resolve various outstanding issues regarding information requests." Edward asserted that mediation would "accomplish nothing" and argued that the TEDRA petition should be decided on summary judgment. Donald then moved to disqualify Edward's defense counsel.

At the January 2023 hearing on Donald's motion to order mediation, Edward's counsel filed a notice of appearance on behalf of Edward's other two siblings. The court denied Donald's petition to compel mediation on the ground that he did not comply with statutory procedural requirements. But the court noted that there was no declaration in the file to support Edward's claim that mediation would be fruitless. On March 1, 2023, Edward submitted a declaration and evidence in support of that claim.

On March 3, 2023, the trial court issued an order denying Donald's petition for mediation on the grounds that Donald "has not compl[ied] with mediation procedure in RCW 11.96A.300" and because Edward's declaration supported a finding of "good cause" to deny mediation. In a separate order, the court also denied Donald's request to disqualify Edward's counsel. The court noted the matter for an initial hearing on the TEDRA petition. On May 10, 2023, the court granted Edward's motion for summary judgment and dismissed the TEDRA petition. The court subsequently denied Donald's motion for reconsideration.

Donald appeals the order denying mediation and the order denying disqualification.

## DISCUSSION

Preliminarily, we note that Donald represents himself on appeal. We hold self-represented litigants to the same standards as licensed attorneys and expect them to follow the rules of appellate procedure. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). "The scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties." Clark County v. W. Wash. Growth Mgmt. Hearings Rev. Bd., 177 Wn.2d 136, 144, 298 P.3d 704 (2013) (citing RAP 5.3(a); RAP 10.3(a), (g); RAP 12.1)). An appellant must provide

4

"argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). We need not consider arguments that are not supported by references to the record, meaningful analysis, or citation to pertinent authority. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).

Donald did not assign error to any of the trial court's findings as required by RAP 10.3(g). His appellate briefing alleges many facts that are not in the record before this court and contains few citations to pertinent authority. Despite these deficiencies, we will exercise our discretion to reach Donald's claims to the extent the record and the briefing allow. See RAP 1.2(a); State v. Olson, 126 Wn.2d 315, 323, 893 P.2d 629 (1995) (a court should exercise its discretion to reach an appeal's merits unless there are compelling reasons not to do so).

## Mediation

Donald does not challenge the trial court's order granting summary judgment dismissal of his TEDRA petition. Rather, he contends the court erred by refusing to compel Edward to participate in mediation. We disagree.

We accord significant deference to trial court decisions in TEDRA proceedings. See In re Estate of Fitzgerald, 172 Wn. App. 437, 448, 294 P.3d 720 (2012) (recognizing abuse of discretion as the applicable standard of review for TEDRA determinations). A superior court abuses its discretion when its decision is based on untenable grounds or reasons. Union Bank, N.A. v. Vanderhoek Assocs., LLC, 191 Wn. App. 836, 842, 365 P.3d 223 (2015).

TEDRA provides for the resolution of probate matters through nonjudicial dispute resolution methods, such as mediation, arbitration, and agreement. RCW 11.96A.010. A party to a TEDRA proceeding may "cause the matter to be subject to mediation by service of written notice of mediation on all parties." RCW 11.96A.300. The notice must substantially comply with statutory notice procedures. See In re Estate of Harder, 185 Wn. App. 378, 383-84, 341 P.3d 342 (2015) (denying petition to compel mediation where statutory procedural requirements were not followed). If a hearing is set, the court "shall order that mediation proceed except for good cause shown." RCW 11.96A.300(2)(d), (3).

Donald did not assign error to the court's findings that he did not comply with notice procedures under RCW 11.96A.300 and that Edward demonstrated good cause to deny mediation. Unchallenged findings are treated as verities on appeal. Pham v. Corbett, 187 Wn. App. 816, 825, 351 P.3d 214 (2015). Moreover, substantial evidence supports these findings. There is no evidence in the record indicating that Donald attempted to comply in form or substance with RCW 11.96A.300's notice requirements prior to the court's March 3, 2023 ruling. And ample evidence supports Edward's assertion that mediation would accomplish nothing. Donald insists that he "had no choice but to file this petition" because Edward "just stonewalled me" when he "asked pointed questions regarding his administration of estate assets." But this is Donald's fourth TEDRA petition regarding Edward's actions in the same matter. And, notably, Edward's declaration included a December 10, 2020 email in which Donald told Edward "hopefully you will be dead before this gets settled" and "do you think Mom and Dad set

you up as trustee just so you could keep us at loggerheads for the rest of our lives? Really? Fine. Wish me luck in supreme court. Hope you die soon."

Donald contends that the court should have ordered mediation because he believes it is appropriate. He claims that the court's decision finding good cause to deny mediation based on Edward's declaration proves that "the Court is not in charge" and that Edward's counselor is "spoon-feeding the Court." He asserts that Edward's March 1, 2023 declaration, in which Edward substantiated his belief that mediation would be fruitless, proves that counsel was "horse shedding" Edward by "spoon-feeding" counsel's own testimony to him and that the court was "complicit" in this "perjury." These claims are speculative and wholly without merit. The court did not err in denying Donald's request for mediation.

Disqualification

Donald argues the trial court abused its discretion by denying his motion to disqualify Edward's counsel. Again, we disagree.

"[D]isqualification is a drastic sanction that should be limited to egregious violations." Hur v. Lloyd & Williams, LLC, 25 Wn. App. 2d 644, 649, 523 P.3d 861 (2023) (citing Matter of Firestorm 1991, 129 Wn.2d 130, 140, 916 P.2d 411 (1996)). We review the superior court's decision on a motion to disqualify counsel for an abuse of discretion. See Pub. Util. Dist. No. 1 of Klickitat County v. Int'l Ins. Co., 124 Wn.2d 789, 811-12, 881 P.2d 1020 (1994).

In his motion for disqualification, Donald acknowledged that he had filed a motion to disqualify counsel the previous year "as the firm likely resented me for a 2018 bar complaint." He therefore asserted that counsel's "adversity toward me is fueled by

7

external issues." He further asserted that counsel should be disqualified for "delaying the process" and "making this fairly simple case a lot more difficult and drawn out than it needs to be." The court appropriately ruled that no legal authority supported disqualification under these circumstances.

On appeal, Donald argues that Edward's counsel "suborned perjury," wrongly "portrayed the current petition as a breach of fiduciary duty," and aligned himself with an adverse party to the estate by "solicit[ing] the patronage of my other two siblings." He further contends that disqualification is warranted because Edward's counsel advanced arguments that Donald felt he had successfully refuted and because counsel misinterpreted Donald's email to Edward. These unsupported claims do not amount to any violation at all, let alone an egregious violation warranting disqualification. The trial court did not abuse its discretion in denying Donald's motion.

<u>Attorney Fees</u>

Edward seeks attorney fees on appeal. Under RAP 18.1(a), this court may award attorney fees and costs on appeal "[i]f applicable law" allows. RCW 11.96A.150 allows superior courts and appellate courts to order a party to a TEDRA action to pay another party's reasonable attorney fees "to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate." RCW 11.96A.150(1).

We agree with Edward that this is an appropriate case for an award of fees. We award reasonable attorney fees and costs on appeal to Edward subject to his timely

compliance with RAP 18.1(d).

      Affirmed.

_Coburn, J._

WE CONCUR:

_Brennan, J_             _Smith, C.J._