12

St. Martin's College, *Respondent*, v. The Department
of Revenue, *Appellant*.

*Kenneth O. Eikenberry, Attorney General,* and *Phyllis K. MacLeod, Assistant,* for appellant.

*Ernest L. Meyer* and *Meyer Law Office,* for respondent.

ALEXANDER, J. — The Washington State Department of Revenue appeals the Thurston County Superior Court's order reversing a Board of Tax Appeals decision to deny a property tax exemption to St. Martin's College for a portion of its campus. The Department contends that the tax exemption is not warranted because St. Martin's failed to demonstrate that the property in question was "principally designed" or "reasonably necessary" to achieve an educational purpose. We affirm the Superior Court.

On December 31, 1985, the Department of Revenue denied St. Martin's College's application to exempt certain portions of its campus in Lacey from real property taxation. St. Martin's appealed that decision to the State Board of Tax Appeals. The Board upheld the Department's decision.

St. Martin's appealed the Board's order to the Thurston County Superior Court. The trial court remanded the case to the Board to determine whether St. Martin's use of the property was sufficient to entitle it to the tax exemption under applicable law. After a hearing the Board affirmed the Department's denial of St. Martin's application for exemption.

According to the findings of the Board of Tax Appeals, the land in question is an undeveloped and unmaintained area of the campus which serves essentially as a buffer zone between the main campus of St. Martin's College and a highway to the north of the campus and the developing urban and commercial area of the city of Lacey to the west, south and east.[1] The Board found, additionally, that students and faculty are free to utilize the property in question for recreational purposes, that botany, civil engineering and physical education instructors occasionally require students to enter onto the property in order to fulfill course requirements and that religion students periodically enter the property to meditate.

St. Martin's again appealed to the Thurston County Superior Court. The Superior Court concluded that the Board committed an error of law by placing more emphasis on the intensity of St. Martin's use of the property than is required under applicable Washington statutes and regulations. Consequently, it reversed the Board's decision.

The Department contends on appeal that St. Martin's is not entitled to the tax exemption because the property in question does not satisfy the requirements for exemption enumerated in RCW 84.36.050, RCW 84.36.805, and WAC 458-16-270. While conceding that the property for which an exemption is sought is substantially less than the 400-acre maximum exemption permitted by statute, and that the property in question may incidentally further an educational purpose, the Department contends that the exemption is unwarranted because the property is essentially unused, empty land not "principally designed" nor "reasonably necessary" for achievement of the educational, athletic or social programs of the college. The Department asserts that St. Martin's failed to demonstrate to the Board that its need for the property would be nonexistent "but for" the presence of the school.

---

[1] The portion of the campus upon which the college's buildings are located is not at issue in this appeal.

St. Martin's responds that its entire campus exists to serve its educational purposes and that, accordingly, its use of the land in question need not be as intense as the Department contends in order for St. Martin's to qualify for an exemption. While refuting allegations that the property is used solely as a buffer zone, St. Martin's contends that even a buffer zone furthers an educational purpose by providing students with a quiet environment that is conducive to learning.

█ The decision of the Board of Tax Appeals is subject to review pursuant to the provisions of former RCW 34.04, Washington's former administrative procedure act (APA).[2] In reviewing the Board's decision under the former APA, this court stands in the same position as the Superior Court. *Farm Supply Distribs., Inc. v. State Utils. & Transp. Comm'n,* 83 Wn.2d 446, 518 P.2d 1237 (1974). The standard of review under the former APA is set forth in former RCW 34.04-.130(6), as follows:

> The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
> (a) in violation of constitutional provisions; or
> (b) in excess of the statutory authority or jurisdiction of the agency; or
> (c) made upon unlawful procedure; or
> (d) affected by other error of law; or
> (e) clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order; or
> (f) arbitrary or capricious.

██ The parties agree that there are no factual disputes as to how St. Martin's utilizes the subject property and that the only issue left for our determination is whether, as a matter of law, St. Martin's use of the property satisfies the statutory requirements for a property tax exemption. Appellate courts exercise de novo review over legal judgments of

---

[2]Washington's new APA, RCW 34.05.001 through 34.05.902, took effect on July 1, 1989, but applied only to agency proceedings begun after that date.

16

administrative tribunals. *See generally Franklin Cy. Sheriff's Office v. Sellers*, 97 Wn.2d 317, 325, 646 P.2d 113 (1982), *cert. denied,* 459 U.S. 1106 (1983). Deference is generally given to an agency's view of the law in construing ambiguous statutes within the agency's area of expertise; absent such ambiguity, this court is entitled to substitute its judgment on legal issues for those of the administrative tribunal. *See, e.g., Pasco v. Public Empl. Relations Comm'n*, 119 Wn.2d 504, 507, 833 P.2d 381 (1992).

■■ In Washington, statutes exempting property from taxation are strictly construed, and parties seeking an exemption bear the burden of proving that all statutory requirements have been met. *Adult Student Housing, Inc. v. Department of Rev.*, 41 Wn. App. 583, 705 P.2d 793 (1985). Thus, St. Martin's had the burden of proving at the Board level that it qualified for a property tax exemption.

Exemptions for property owned or used by colleges for educational purposes are governed by RCW 84.36.050, which states:

> The following property shall be exempt from taxation:
> Property owned or used for any nonprofit school or college . . . for educational purposes . . . Real property so exempt shall not exceed four hundred acres . . . and, except as provided in RCW 84.36.805, shall be used exclusively for college or campus purposes including but not limited to, buildings and grounds designed for the educational, athletic, or social programs of said institution, the housing of students . . . and all other school or college facilities, the need for which would be nonexistent but for the presence of such . . . college and which are principally designed to further the educational functions of such college or schools. . . .

The term "educational purposes" has been defined by the Department of Revenue in WAC 458-16-270(1) as including "all purposes which seek to promote education."

The other statute which has a major bearing on the issues in this case is RCW 84.36.805, which is referred to in RCW 84.36.050. It indicates that property exempted under RCW 84.36.050 must be used: "exclusively for the actual operation of the activity for which exemption is granted, . . . and does

not exceed an amount reasonably necessary for that purpose . . .". RCW 84.36.805(1).

Initially, we observe that the property in question is all part of the campus of St. Martin's College, and it does not exceed 400 acres. Furthermore, it is beyond question that the property is used *exclusively* for college or campus purposes, there being no evidence that this property is put to any other use. We believe it is clear, also, that the property is used for educational purposes as that term is defined in WAC 458-16-270.

The more difficult determination is whether all of the property in question is "reasonably necessary" and "principally designed" to further the educational purposes and function of St. Martin's College. The Board of Tax Appeals concluded that St. Martin's had not met its burden of showing that was the case. As noted above, in certain instances a court should grant some deference to an agency's determination as to the meaning of the law, particularly where the language of a statute or regulation is ambiguous. Here, even assuming ambiguity, we are not inclined to defer to the Board on what the parties concede is a legal determination, because the Board has not given any reasons, nor has it set forth any standards, which help us understand why it concluded that a portion of the campus of St. Martin's College is exempt and another portion is not. Its conclusion, simply stated, is that what St. Martin's claims as exempt is "not necessary for the actual operation of the college." Unfortunately, it does not tell us in any detail how it reached that conclusion.

After considering the pertinent statutes and regulation, we hold that the Superior Court correctly concluded that the exemption was warranted. In reaching this decision, we are influenced by the Board's findings that students and faculty at St. Martin's College are free to utilize all of the campus for recreational purposes, that botany and civil engineering instructors require students to enter onto the property in question from time to time to fulfill course

requirements, and that students in religion enter the property to meditate. We are not prepared to say that land used for such purposes is not reasonably necessary and principally designed to further the educational purposes of St. Martin's College.

The parties agree that St. Martin's College is a small liberal arts college which was established in the late 1800's by an order of Benedictine monks. That religious order has maintained the college in the same location since that time. We believe that it is reasonable to assume that the primary purpose behind the founding of St. Martin's was to promote higher education in a religious atmosphere. We do not need expert testimony to persuade us that the purposes of such a religious educational institution can be better carried out in a pleasant atmosphere which is conducive to the contemplation of nature and the universe, than it could in a crowded urban setting. We believe it is significant that several state colleges and universities, including one located in the same county as St. Martin's, are located in the midst of expansive sylvan settings. Although property of state colleges is not subject to taxation, the fact that some public colleges and universities are surrounded by greenbelts and buffer zones is, at least, an indication that public policy favors such an atmosphere for institutions of higher education.

The Department of Revenue contends that the holding of the New Mexico Court of Appeals in *NRA Special Contribution Fund v. Board of Cy. Comm'rs*, 92 N.M. 541, 591 P.2d 672 (Ct. App. 1978) has special application to this case. We disagree. In *NRA*, an arm of the National Rifle Association of America sought a property tax exemption for 36,300 acres of land under a provision in New Mexico's constitution which exempted from taxation all property "used for educational purposes . . .". *NRA*, at 544. The issue in that case was whether the NRA's use of the property satisfied that requirement. Because the term "used for educational purposes" was undefined, and because the court was concerned with the practical impact of removing large tracts of land from the tax

rolls, it narrowly defined the provision to mean " 'the direct, immediate, primary and substantial use of property that embraces systematic instruction in any and all branches of learning from which substantial public benefit is derived' ", *NRA*, at 548. The court concluded that the plaintiff failed to meet its burden of showing compliance with this term.

The present case is factually and legally distinguishable from *NRA*. Here, less than 400 acres are involved, whereas *NRA* involved 36,300 acres. Thus, the practical impact of removing this property from the tax rolls is substantially less than in *NRA*. More importantly, the term "educational purposes" is defined by regulation. As noted above, the term includes all purposes which seek to promote education. WAC 458-16-270(1). Accordingly, we need not look to another state's definition of that term to determine its meaning.

We recognize that we cannot favor St. Martin's simply because it is a religious institution. Clearly, our state and federal constitutions preclude the State from promoting religious education. By the same token, those same constitutions prohibit the State from interfering with a religious school's efforts to accomplish its legitimate educational objectives. The State should, therefore, be slow to substitute its own ideas about the purposes of a religious based college, if its view varies from the purposes stated by such an institution. Undoubtedly, an institution of higher education can function in a large building in the middle of a large city without so much as a blade of grass. That, however, is not the type of setting that St. Martin's has chosen for the pursuit of its educational goals. The State of Washington should not blithely impose a tax burden on St. Martin's which will retard its ability to fulfill its educational purpose in an atmosphere that the college believes is conducive to the accomplishment of those goals.

The parties concede that the property in question has been exempted from real property taxation for many years. It is difficult to understand why it was suddenly denied this exemption in December 1985. The campus is now smaller

than it once was and it is apparent that the need for a buffer zone to protect it from advancing urban growth is greater now than it was in the past. As partial justification for denying St. Martin's the exemption it sought, the Board mentions, in its conclusions of law, that the master plan of St. Martin's College identified the subject property for "future development into commercial uses." From this, the Board reasoned that the school must not need the property for actual operation, thus corroborating its conclusion that the property was not exempt. The record is simply too sparse to support such a conclusion. There is nothing in the Board's findings or the record that suggests that a sale of the property is imminent. Some master plans are implemented and others are shelved. We simply do not know from this record what the future holds for St. Martin's. We do know, however, that this property has been and is now an integral part of the campus of St. Martin's College. The application for tax exemption should not have been denied.

The decision of the Superior Court reversing the Board's decision denying the exemption is affirmed.

PETRICH, C.J., and MORGAN, J., concur.

[No. 14278-3-II.   Division Two.   December 17, 1992.]