[No. 24186-2-II.    Division Two.    January 21, 2000.]

HOWARD D. STUEWE, *Appellant,* v. THE DEPARTMENT OF
REVENUE, *Respondent.*

*Howard D. Stuewe*, pro se.

*Christine O. Gregoire, Attorney General*, and *John S. Barnes, Assistant*, for respondent.

ARMSTRONG, A.C.J. — Howard Stuewe, a long-time resident of Washington, purchased a truck in Kansas and licensed it in Alaska. After selling his Alaskan home, Stuewe returned to Washington and the Centralia house that he had owned since 1977. The Department of Revenue imposed a use tax and motor vehicle excise tax on his truck. Stuewe appeals, asserting that he qualifies for an exemption under RCW 82.12.0251, which exempts from use tax property a Washington resident acquires while a resident of another state. Holding that the exemption statute does not apply to Stuewe, we affirm the decision of the Board of Tax Appeals.

## FACTS

Howard Stuewe has been a Washington resident since 1977 when he and his wife built a house in Centralia. In

March 1993, Stuewe purchased a Chevrolet truck in Wichita, Kansas. He licensed the truck in Alaska where the Stuewes spent about four months of each year from 1987 until the spring of 1994. The truck was observed by a Washington State Patrol trooper outside a Centralia area bingo parlor on May 2 and June 14, 1994. Because the truck bore Alaska license plates, the Washington State Patrol referred the matter to the Department of Revenue, which assessed both use and vehicle excise taxes.

The Board of Tax Appeals found that Stuewe was a resident of Washington and upheld the assessment. Stuewe's appeal to the superior court was denied.

## ANALYSIS
### A. Standard of Review

■■ Proceedings before the Board of Tax Appeals are governed by the Administrative Procedure Act, RCW 34.05. When reviewing the Board's decisions, this court sits in the same position as the superior court. *Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993). RCW 34.05.570(3) contains the standards of review this court applies to the Board record.[1] Conclusions of law are reviewed de novo under an error of law standard. *Wilson v. Employ-*

---

[1]RCW 34.05.570(3) provides:

Review of agency orders in adjudicative proceedings. The court shall grant relief from an agency order in an adjudicative proceeding only if it determines that:

(a) The order, or the statute or rule on which the order is based, is in violation of constitutional provisions on its face or as applied;

(b) The order is outside the statutory authority or jurisdiction of the agency conferred by any provision of law;

(c) The agency has engaged in unlawful procedure or decision-making process, or has failed to follow a prescribed procedure;

(d) The agency has erroneously interpreted or applied the law;

(e) The order is not supported by evidence that is substantial when viewed in light of the whole record before the court, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this chapter;

*ment Sec. Dep't,* 87 Wn. App. 197, 201, 940 P.2d 269 (1997); *St. Martin's College v. Department of Revenue,* 68 Wn. App. 12, 15-16, 841 P.2d 803 (1992). The Board's interpretation of the law is deferred to if the Board is construing ambiguous statutes within its expertise. *Id.* at 16.

### B. Does the Washington resident exemption under RCW 82.12.0251 apply to Stuewe?

■ Stuewe does not assign error to any of the Board's findings of fact. Unchallenged findings of fact are verities on appeal. *Tapper,* 122 Wn.2d at 407. The issue, therefore, is whether Stuewe qualifies for the Washington resident exemption under RCW 82.12.0251.[2]

■ The use tax statute, RCW 82.12.020, imposes a use tax on persons in this state for the "privilege of using within this state . . . [a]ny article of tangible personal property purchased at retail" for which sales tax was not paid. Certain exemptions are available to residents and nonresidents of Washington. RCW 82.12.0251. RCW 82.12.0251 exempts from the use tax:

> the use of household goods, personal effects, and private motor vehicles, not including motor homes, by a bona fide resident of Washington . . . if such articles were acquired and used by such person in another state while a bona fide resident thereof

(f) The agency has not decided all issues requiring resolution by the agency;

(g) A motion for disqualification under RCW 34.05.425 or 34.12.050 was made and was improperly denied or, if no motion was made, facts are shown to support the grant of such a motion that were not known and were not reasonably discoverable by the challenging party at the appropriate time for making such a motion;  .

(h) The order is inconsistent with a rule of the agency unless the agency explains the inconsistency by stating facts and reasons to demonstrate a rational basis for inconsistency; or

(i) The order is arbitrary or capricious.

[2]Stuewe raises the issue of whether the Board's failure to address his possible exemption as a resident violated his constitutional rights. Stuewe, however, cites no authority nor makes any argument concerning constitutional violations. Hence, these issues are waived. *Smith v. King,* 106 Wn.2d 443, 451-52, 722 P.2d 796 (1986) (citation omitted).

and such acquisition and use occurred more than ninety days prior to the time he or she entered Washington.

Stuewe, as the person seeking the benefit of the exemption, bears the burden of proving he is qualified for the exemption. *Corporation of the Catholic Archbishop v. Johnston*, 89 Wn.2d 505, 507, 573 P.2d 793 (1978).

Washington also imposes a motor vehicle excise tax for the privilege of using a motor vehicle in Washington. RCW 82.44.020. And the tax is imposed on Washington residents who "license motor vehicles in another state or foreign country . . . ." RCW 82.44.020(6).[3]

■ Stuewe argues that if he is a Washington resident, he is entitled to an exemption under RCW 82.12.0251. The Department contends that the statutory exemption applies only to "brand new residents of Washington." We agree.

Although, as Stuewe points out, the statute contains no language limiting the exemption to new Washington residents, several provisions of the statute support such interpretation. First, the statute requires that the person claiming the exemption be a resident of another state. If the statute applies to current Washington residents, then a person could claim the exemption only if a resident of both Washington and the other state. But nothing in the taxing statutes suggests that the Legislature intended to treat dual residency citizens different than single residency citizens. Moreover, the statutory 90-day waiting period would be pointless if the statute were intended to apply to current Washington residents. Such a waiting period suggests that the Legislature wanted to exempt new Washington residents from paying taxes on some but not all of the property acquired in their former residence. Specifically, the Legislature did not intend to exempt a resident of another state who intends to move to Washington and, to avoid Washington taxes, acquires property within 90 days of the move. Finally, the exemption applies to property

[3]RCW 46.16.028 defines a Washington resident for purposes of the motor vehicle excise tax as "a person who manifests an intent to live or be located in this state on more than a temporary or transient basis."

acquired before the taxpayer "entered" Washington. For the purpose of RCW 82.12.0251 "entered" means either an entry with intent to establish residency as a new resident, or the casual entries a current resident makes from time to time. But again, applying "entered" to casual entries, there is no reason to single out any one date over another. Rather, the statutory entry is meaningful only if it refers to entry with intent to become a Washington resident. And this further suggests that the statutory exemption was not intended to apply to current Washington residents.

■ But even if Stuewe qualifies for the statutory exemption as a Washington resident, he would qualify only if he were also a resident of Alaska when he purchased the truck. The Board found that Stuewe's time in Alaska was more temporary and transient than his time in Washington. More importantly, the Board did not find that he was a resident of Alaska. And Stuewe had the burden of establishing that he qualified for the statutory exemption. We construe the absence of a finding against the party who has the burden of proof on the issue. *Smith v. King*, 106 Wn.2d 443, 451, 722 P.2d 796 (1986). Thus, Stuewe failed to establish that he was a resident of Alaska.

## C. Costs and Fees

Stuewe asks for costs and expenses regarding this case, pursuant to RCW 4.84.340 and RCW 4.84.350.[4] But because we have found that the State agency's action was substantially justified, Stuewe is not entitled to costs. RCW 4.84-.350(1).

Affirmed.

MORGAN and HOUGHTON, JJ., concur.

Reconsideration denied March 3, 2000.

Review denied at 141 Wn.2d 1015 (2000).

---

[4]The costs he requests so far, total $15,422.08.