NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM SCHEIDLER, | No. 15-35945 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-05996-RBL |
| v. | |
| JAMES AVERY, individually and in his official capacity as Kitsap County's Assessor; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

William Scheidler appeals pro se from the district court's judgment

dismissing with prejudice his action arising from the denial of a property tax

exemption. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Scheidler's request for oral argument, set forth in his opening brief, is denied.

*Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995) (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)); *Stuewe v. Dep't of Revenue*, 991 P.2d 634, 636 (Wash. Ct. App. 2000) (proceedings before the Washington State Board of Tax Appeals).  We affirm.

The district court properly denied Scheidler's state tax appeal because Scheidler failed to identify any error in the state tax agencies' decisions.  *See* Wash. Rev. Code §§ 34.05.570(3) (circumstances under which court may grant relief from agency decision), 84.36.383(5) (definition of "disposable income").

The district court properly dismissed Scheidler's action because Scheidler failed to allege facts sufficient to state any plausible claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Scheidler leave to amend because amendment would have been futile.  *See U.S. ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (setting forth standard of review).

The district court did not abuse its discretion in denying Scheidler's motion for recusal of the district judge because Scheidler failed to identify a ground for recusal.  *See* 28 U.S.C. §§ 144, 455; *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th

Cir. 2008) (standard of review).

We reject as meritless Scheidler's contentions that the district court lacked authority to decide the motions to dismiss, that federal pleading standards are inapplicable, and that the district court failed to comply with this court's prior mandate.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

To the extent Scheidler seeks reconsideration of this court's prior order denying his petition for a writ of mandamus, *see Scheidler v. U.S. Dist. Ct. for W. Dist. Of Wash., Tacoma*, No. 15-73135, his request is denied.

Appellees Avery, Miles, Haberly, and George's motion for sanctions (Docket No. 27) is denied. *See Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989) (decision to award sanctions under Rule 38 is discretionary).

Appellee Washington State Bar Association's motion to take judicial notice (Docket No. 31) is granted.

**AFFIRMED.**